**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROBERT S. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-04-1590-F |
| | ) | |
| CONOCOPHILLIPS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

"Defendant ConocoPhillips Company's Motion for Summary Judgment," filed August 31, 2005, is before the court. (Doc. no. 19.) Plaintiff has responded, defendant has replied, plaintiff has sur-replied, and the motion is ready for determination.

Plaintiff, Robert S. Martin, alleges that he was terminated from his position as a scheduler for defendant ConocoPhillips in violation of the Age Discrimination and Employment Act, 29 U.S.C. §§ 621-634. Plaintiff also alleges that his ADEA remedies are inadequate and that he is entitled to actual and punitive damages under state law. Defendant moves for summary judgment in its favor on all claims,[1] arguing that plaintiff cannot establish a prima facie case of age discrimination and that plaintiff has no evidence of pretext.

I. Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and

[1]Defendant's briefs do not separately address the state law theory of recovery which plaintiff seeks to pursue. Consequently, this order need not, and does not, address plaintiff's state law theory.

that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## II. Discussion

Neither party has identified any direct evidence of age discrimination and so the parties correctly invoke the McDonnell Douglas framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

### A. Prima Facie Case

Defendant argues that this is a reduction in force (RIF) case and that the fourth element of a prima facie age discrimination RIF case requires evidence that the employer intended to discriminate against plaintiff in reaching the decision to reduce its workforce.[2] (Moving brief p. 9, citing Beaird v. Seagate Technology, Inc., 145 F.3d 1159, 1165 (10th Cir. 1998); reply brief at p. 5 citing Ingels v. Thiokol Corp, 42

[2]There is a dispute about whether this case is a RIF case. Nothing in this Order is intended to decide whether or not this is a RIF case. That question remains undetermined and may be addressed by either party at trial.

F.3d 616, 621 (10th Cir. 1994)). Defendant asserts three reasons why plaintiff cannot present any evidence that defendant intended to discriminate.

First, citing O'Connor v. Consolidated Coin Caterers Corp, 517 U.S. 308, 312-13 (1996), defendant argues that the employee who replaced plaintiff, Marilyn Haney, was not significantly younger than plaintiff. It is undisputed that Ms. Haney was approximately five years younger than plaintiff.[3] The Tenth Circuit has held that there is no definitive rule that a five-year age difference is insignificant as a matter of law. Whittington v. Nordam Group, Inc., 429 F.3d 986, 996 (10th Cir. 2005). In the circumstances of this case, where there are facts, fact questions, and inferences which may favor plaintiff's position (discussed below), the court concludes that it would be inappropriate to determine that the relatively small age difference between plaintiff and Ms. Haney is inadequate as a matter of law to support a prima face case of age discrimination.

Second, defendant argues that the individuals principally involved in the lay-off decision were also members of the protected age class. Those two individuals were Brad Swan, who was plaintiff's supervisor, and Floyd Wayne Engle, who was Mr. Swan's supervisor and manager of the Facilities Maintenance and Construction Services (FMCS) Department. As cited and quoted in defendants' brief, defendant's authorities indicate that the fact that the decision-maker is also within the protected class merely enhances an inference that age discrimination was not a motive and is only one fact to be considered along with other facts and inferences in the case. *See, e.g.*, Brown v. CSC Logic, Inc., 82 F.3d 651, 658 (5th Cir. 1996). Here, although

[3]Plaintiff was 55 and Ms. Haney was 51 at the time plaintiff received notice of his termination. (Undisputed portion of defendant's proposed undisputed material fact no. 23.) Defendant refers to Ms. Haney as "less than five years younger than Plaintiff," (moving brief at p. 10) and plaintiff asserts that Ms. Haney was "five years younger (less two weeks)." (Response brief, p. 14.)

there is not a lot of difference in their ages, it is undisputed that both Mr. Engle and Mr. Swan are younger than the plaintiff. (At the time plaintiff was terminated, Mr. Engle was 53, Mr. Swan was 49, and plaintiff was 55.) The court concludes that Mr. Engle's and Mr. Swan's status as members of the protected class does not defeat plaintiff's prima facie case.

Third, defendant argues that numerous individuals within the FMCS Department were also members of the protected age class yet these individuals were retained. The most that can be said for this argument is that it may help the defendant; it is not an argument which defeats a prima facie case of age discrimination.

In summary, defendant's evidence and arguments are insufficient to support summary judgment in the defendant's favor in the circumstances of this case, which include the fact that plaintiff was the oldest of the employees who reported to Mr. Swan and that he was the only employee terminated by Mr. Swan. These facts support the contention that plaintiff was treated differently than younger employees and the related contention that there is evidence of discriminatory intent sufficient for a prima facie case. Considering the case as a whole, and construing all disputed facts and inferences in plaintiff's favor, the court finds and concludes that there is sufficient evidence to establish a prima facie case.[4]

B. Articulation of a Non-discriminatory Reason for Termination

Defendant's position is that ConocoPhillips had decided to reduce the total number of employees in the FMCS Department in Ponca City, and specifically, to reduce the number of employees under Mr. Swan's responsibility by one. (Moving brief, Ex. "7" affidavit of Brad Swan.) Defendant contends that Mr. Engle asked Mr.

---

[4]The parties assert different formulations of the test for a prima facie case depending upon whether this case is viewed as a RIF case. The court finds that defendant is not entitled to summary judgment for lack of a prima facie case regardless of whether this case is viewed as a RIF case, and regardless of which prima facie formulation is used.

Swan to identify the employee under Mr. Swan's supervision whose departure would have the least detrimental impact on the company's operations in Ponca City, and that Mr. Swan identified plaintiff as the employee who best met this criterion, and that plaintiff was terminated for this reason. (Moving brief, Ex. "7.") The court finds and concludes that defendant has articulated a legitimate, non-discriminatory reason for plaintiff's termination.

C. Pretext

In support of its pretext argument, defendant points out that there is no evidence of anecdotal stray remarks and no direct evidence that either Mr. Swan or Mr. Engle favored younger employees. However, all that is necessary to avoid summary judgment is evidence or inferences which are sufficient to create genuine issues of material fact with regard to the elements of a prima facie case and the issue of pretext. *See*, Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995) (race and national origin discrimination case brought under § 1981, § 1983, and Title VII, in which court stated that plaintiff may get case to jury on showing of prima facie case and pretext and nothing more because showing of pretext allows jury to infer discriminatory intent). The following evidence and arguments create inferences which are capable of supporting a finding of pretext.

1. It is undisputed that plaintiff's position was not eliminated after his discharge. One way a RIF plaintiff may show pretext is to present evidence that his job was not eliminated and that it remained a single, distinct position. Abuan v. Level 3 Communications, Inc., 353 F.3d 1158, 1169 (10th Cir. 2003). Whether a position is eliminated is relevant to issue of pretext in an RIF case. *Id*.

2. Plaintiff has identified differences in Mr. Engle's and Mr. Swan's testimony regarding the purpose of the defendant's business reorganization and the manner in which it was to be conducted.

3. Plaintiff argues that the criterion which defendant relies upon for its decision to terminate plaintiff is entirely subjective and that the decision to terminate plaintiff was based upon the conclusions of only one individual and not upon an objective business plan.[5] While not necessarily indicative of pretext, lack of objective ranking criteria is a circumstance which may satisfy a plaintiff's burden to demonstrate fact questions regarding pretext at the summary judgment stage. Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1218 (10th Cir. 2002).

4. Plaintiff has identified evidence suggesting fact questions about the proper comparison of plaintiff's experience and job qualifications with Ms. Haney's experience and job qualifications.

5. There is no dispute that at the time of his termination, plaintiff was performing his job in a satisfactory manner. Given this fact, plaintiff argues that it was illogical for the defendant to terminate plaintiff rather than Ms. Haney, when it was Ms. Haney's position which was eliminated and not the scheduling position which plaintiff was then occupying.

6. Plaintiff also disputes defendant's contention that at the time Mr. Swan identified plaintiff for termination, Mr. Swan did not know how old plaintiff was. Plaintiff argues that Mr. Swan could observe plaintiff's and Ms. Haney's respective

---

[5]Defendant's reply brief (at p. 8) cites Furr v. Seagate Technology, Inc., 82 F. 3d 980, 986 (10th Cir. 1996) for the proposition that "The Lack of a Formal RIF Plan and the Use of Subjective Criteria Are Neither Prohibited Under the ADEA Nor Indicative of Pretext." (Reply brief heading II.B.2.a.) It is true that Furr states that the manner in which a company chooses to conduct a RIF is within the company's sound business discretion. Furr at 986. It is also true that the court in Furr found that the plaintiffs had failed to adduce any evidence that the RIF criteria were a pretext for discrimination. *Id.* Furr does not, however, stand for the proposition that lack of a formal plan and use of subjective criteria are never indicative of pretext. Moreover, defendant's reply brief substitutes an ellipsis for the portion of the passage from Furr in which the Tenth Circuit notes that it was undisputed in Furr that there were "written RIF criteria" (unlike in this case) and that these criteria were "position elimination, performance, potential, and seniority, in that order." (Reply brief at 8, first passage from Furr at 986.)

ages, that Ms. Haney appears younger than plaintiff, and that Mr. Swan's credibility is in issue because Mr. Swan testified at his deposition that he could not tell that another employee was younger than plaintiff although the other employee was 13 years younger than plaintiff.

7. Finally, plaintiff has identified a statement by counsel for the defendant which indicates that employee profiles which the company prepared on the plaintiff and on Ms. Haney for the purpose of assisting in the reorganization have not been found.

The court finds and concludes that while plaintiff's evidence may not carry the day with a jury, it is sufficient to avoid summary judgment based on lack of pretext.

III. Conclusion

After careful consideration of the parties' submissions, the pleadings, and the relevant authorities, the court determines that there are genuine issues of material fact which preclude summary judgment in defendant's favor. Defendant's Motion for Summary Judgment is **DENIED**.

Dated this 14th day of March, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1590p014(pub).wpd